**UNITED STATED BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Howard R. Tallman**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Bankruptcy Case No.** |
| **ROBERT NORTON LOOMAS, JR.** | ) | **12-11898 HRT** |
| | ) | **Chapter 7** |
| Debtor. | ) | |
| | ) | |
| | ) | |
| **MARCIA FREEMAN** | ) | |
| **(f/k/a/ MARCIA LOOMAS)** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Adversary Proceeding No.** |
| **v.** | ) | **12-01282 HRT** |
| | ) | |
| **ROBERT NORTON LOOMAS, JR.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER is before the Court on Plaintiff's Verified Motion for Summary Judgment filed on October 11, 2012 (Docket # 27) (the "Motion"); Defendant's Response to Motion for Summary Judgment and Motion to Dismiss Adversary Proceeding filed on October 26, 2012 (Docket # 37) (the "Response"); Plaintiff's Reply filed on November 2, 2012 (Docket # 38); and Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss Adversary Proceeding filed on November 9, 2012 (docket #45). The Court, having reviewed the file, and being advised in the matter, makes the following findings of fact, conclusions of law and Order.

**Standard for Summary Judgment:**

Summary judgment will be granted if pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(d) (made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056). The movant bears the initial burden of making a *prima facie* demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Whitesel v. Sengenberger*, 222 F.2d 861, 867 (10th Cir. 2000). All of the evidence must be viewed in a light which is most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986).

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT
Adversary No. 12-01282 HRT

**Material Facts that Exist Without Substantial Controversy:**

The Court finds that the following facts are true for the purpose of deciding this Motion. The Defendant's Response explicitly contradicts some of these facts despite his admittance to the same in his Amended Answer (Docket # 24). The Court finds that the Defendant's denial of facts previously admitted to in his Amended Answer are self-serving and unsupported by any evidence or affidavit.  *See Geoffrey E. Macpherson, Ltd. v. Brinecell, Inc.*, 98 F.3d 1241, 1245 (10th Cir. 1996).  ("In order to withstand a properly supported motion for summary judgment, 'an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.'") (quoting Fed.R.Civ.P. 56(e)(1996)).  Accordingly, any facts that were admitted in Defendant's Amended Answer will be treated as admissions notwithstanding contradictory statements appearing in Defendant's Response that are unsupported by evidence.

Plaintiff and Defendant were previously married and, on April 30, 2008, the Jefferson Country District Court ("District Court"), in Case No. 07 DR 397 (the "Domestic Case"), entered a decree dissolving the marriage.   As a result of post-decree litigation related to the Domestic Case, the Defendant owes attorney fees totaling $35,780.10 arising from the following orders and judgments:

  – On September 19, 2008 the District Court awarded attorney fees and costs to the Plaintiff from the Defendant of $7,640.75, arising from the Plaintiff's Motion to Enforce Parenting Time.

  – On October 17, 2008 the District Court ordered the Defendant to pay to the Plaintiff attorney fees and costs of $16,782.44, arising from a contempt order from the court.

  – On February 2, 2009 the District Court entered an order and judgment in favor of the Plaintiff against the Defendant, holding that the $24,423.19 total, from the September 19, 2008 and October 17, 2008 awards, was in the nature of support.

  – On March 16, 2009 the District Court denied Defendant's Motion to Modify Child Support.   The Defendant was ordered to pay to the Plaintiff attorney fees of $3,081.25 in the nature of support.

  – On May 15, 2009, the District Court entered an order and judgment against the Defendant after denying his Motion to Modify Sentence to Include Good Time Earned and awarded attorney fees and costs related to the Motion totaling $297.50 in the nature of support.

  – On November 10, 2009 the District Court denied Defendant's Emergency Verified Motion to Restrict Plaintiff's Parenting Time and Modify Decision Making.  The Court ordered the Defendant to pay related attorney fees and

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT
Adversary No. 12-01282 HRT

costs in the sum of $1,025.00 by April 30, 2010.   The District Court did not include in the order that the fees and costs were in the nature of support.

–   On March 17, 2010 the District Court granted the Plaintiff's Motion to Strike and awarded related attorney fees and costs of $429.66.   The District Court did not include in the order whether the fees and costs were owed in the nature of support.

–   On April 23, 2010, the District Court held a hearing regarding Plaintiff's Motion for Sanctions to be Levied Against the Defendant.   At that hearing the court awarded attorney fees of $5,547.50 in the nature of support.

–   On March 22, 2011, the District Court held a hearing regarding Plaintiff's requests for attorney's fees in connection with filing a Writ of Garnishment and Motion to Compel.   The court awarded Plaintiff attorney's fees of $971.00 to be paid directly to the Plaintiff's attorneys by the Defendant in connection with the Motion to Compel.

On January 2, 2009 the Defendant paid $5.00 in partial satisfaction of the $24,423.19 debt owed in the nature of support.   This is the extent of the Defendants satisfaction of the debt. The Plaintiff has herself paid the full obligation of $35,780.10 owed to her legal counsel.

**Material Controverted Facts**

The Court finds that there is no genuine issue of material fact raised in either the Plaintiff's Motion or the Defendant's Response.   The main points of disagreement between the two parties are whether the attorney fees are personally enforceable by the Plaintiff and whether the debt is exempt from discharge under the Code.

**Discussion**

In this case the Court must decide, based upon the facts that exist without a material dispute, whether part or all of the total debt of $35,780.10 should be excepted from discharge under § 523(a)(5) or, in the alternative, if the debt may be exempted from discharge under § 523(a)(15).

*Nondischargeability under 11 U.S.C. §523(a)(5)*

The Plaintiff contends that the full obligation owed by the Defendant is one of domestic support and, as such, it should be excepted from discharge.  Title 11 U.S.C. § 523(a)(5) provides that an individual debtor will not receive a discharge under 11 U.S.C. § 727 from any debt "for a domestic support obligation."   The Defendant denies that all of the obligations are in the nature of support, and that even if they are, the debt is not owed personally to the Plaintiff, but to her attorneys and is thus dischargeable.

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT
Adversary No. 12-01282 HRT

At issue are eight post-divorce decree proceedings, arising from the Domestic Case, in which the District Court awarded attorney fees totaling $35,785.10. To this date the Defendant has paid $5.00 in partial satisfaction of the support obligations, resulting in an outstanding obligation of $35,780.10. Five of the eight post-divorce awards, totaling $33,349.44, have been explicitly characterized by the District Court in its orders as being in the "nature of support." Additionally, the Defendant admitted in his Amended Answer that these same five obligations were in the nature of support as was alleged by the Plaintiff. The remaining three obligations arise out of the same Domestic Case but were not explicitly labeled by District Court as "in the nature of support."

The primary goal of bankruptcy is to provide debtors with a "fresh start." *See, e.g. Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 367 (2009). However, the policy underlying § 523(a)(5) favors the enforcement of familial support obligations over the debtor's clean slate. *Miller v. Gentry (In re Miller)*, 55 F.3d 1487, 1489 (10th Cir. 1995), *cert. denied*, 516 U.S. 916 (1995). As a result, courts apply a broad interpretation to the term "support" in § 523(a)(5). *Lopez v. Lopez (In re Lopez)*, 329 B.R. 704, 708 (10th Cir. B.A.P. 2005) (citing *Jones v. Jones (In re Jones)*, 9 F.3d 878, 881 (10th Cir. 1993)). The determination of whether an obligation to a former spouse is in the nature of support is a factual question to be answered according to federal bankruptcy law, not state domestic law. *Young v. Young (In re Young)*, 35 F.3d 499, 500 (10th Cir. 1994) (citing *Sylvester v. Sylvester*, 865 F.2d 1164, 1166 (10th Cir. 1989)). State law provides "guidance as to whether a debt should be considered in the nature of support...however a debt could be in the nature of support under Section 523(a)(5) even though it would not qualify as alimony or support under state law." *In re Jones*, 9 F.3d at 880 (internal quotations omitted) (citing *Yeates v. Yeates (In re Yeates)*, 807 F.2d 874, 878 (10th Cir. 1986)).

The Court gives significant deference to the District Court's decision to label five of the Defendant's obligations as in the nature of support and is guided by the District Court's decision. However, as the Court noted previously, whether an obligation to a spouse is in the nature of support is to be answered according to federal bankruptcy law. *In re Young*, 35 F. 3d at 500. In light of the Court's obligation to appropriately apply federal bankruptcy law, the Court will analyze each of the District Court orders under § 523(a)(5), not only the orders that did not explicitly label the award of fees as "in the nature of support."

In order to ascertain the meaning of "domestic support obligation" under § 523(a)(5), the Court looks to § 104(14A) of the Bankruptcy Code, which defines "domestic support obligation" as:

a debt that accrues before, on, or after the date of the order for relief in a title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is –

(A) owed to or recoverable by –

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT
Adversary No. 12-01282 HRT

> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal    guardian, or responsible relative; or
> (ii) a governmental unit;
>
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of each spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C) established ... by reason of applicable provisions of –
> ...
> > (ii) an order of a court or record; ... and
> ...
>
> (D) not assigned to nongovernmental entity, unless that obligation is assigned voluntarily by spouse, former spouse, child of the debtor or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A).

The only provisions at issue in this Motion for Summary Judgment are subsections (A) and (B), which the Court addresses separately below. Subsection (C) is clearly satisfied by the uncontested fact that the debts arose from an order of the District Court as a part of the Domestic Case. The Court also finds that subsection (D) is satisfied as the debt in question has not been assigned by any party to any non-governmental entity. Thus, no further analysis for §§ 101(14A)(C) and (D) is necessary.

Regarding subsection (A), the question is whether an award of attorney fees made in the nature of support is exempt from discharge regardless of whether the fees are payable to the former spouse or the attorney of the former spouse. The Defendant denies that the debt for attorney fees is personally enforceable by the Plaintiff, and is thereby dischargeable. The Defendant looks to the intent of the District Court based upon the plain language of the orders. The case law on the matter is clear that an award of attorney fees may be excepted from discharge "even if payable to an attorney, rather than to a former spouse, if such fees are in the nature of maintenance or support of the former spouse or of the child of the debtor." *Holiday v. Kline (In re Kline)*, 65 F.3d 749, 751 (8th Cir. 1995). "It is the nature of the debt, not the identity of the payee, that determines the debt's dischargeability under § 523(a)(5)" *Kemp v. Kemp (In re Kemp)*, 232 F.3d 652, 653 (8th Cir. 2000). If the debt meets the standard of a support obligation, it is irrelevant to this inquiry whether the debt is personally enforceable by the Plaintiff or the Plaintiff's attorney; under the law, the obligation is one and the same.

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT
Adversary No. 12-01282 HRT

      The Tenth Circuit Court of Appeals has put the question to rest.   In *Miller*, the court held that "form should not be placed over substance ... it is the nature of the debt that controls, not the identity of the payee."   55 F.3d at 1490 (citing *Joseph v. J. Huey O'Toole, P.C. (In re Joseph)*, 16 F.3d 86 (5th Cir.1994); *Dvorak v. Carlson (In re Dvorak)*, 986 F.2d 940 (5th Cir.1993); *Peters v. Hennenhoeffer (In re Peters)*, 964 F.2d 166 (2d Cir.1992); *Silansky v. Brodsky, Greenblatt & Renehan (In re Silansky)*, 897 F.2d 743 (4th Cir.1990); *Williams v. Williams (In re Williams)*, 703 F.2d 1055 (8th Cir.1983)).   Thus, so long as the payments meet the definition of "support" under subsection (B), subsection (A) is satisfied.

      As to the requirements of subsection (B), the Court finds that every one of the awards for attorney fees for which the Defendant is indebted are in the nature of support.   In an effort to ensure that genuine support obligations are not discharged, the Tenth Circuit Court of Appeals previously adopted the position that "support," as used in § 523(a)(5), is entitled to a broad application.   *In re Jones*, 9 F.3d 878, 881 (10th Cir. 1993).   Attorney fees which have been incurred in the process of litigating alimony or support issues are considered obligations in the nature of support.   *In re Jones*, 9 F.3d at 881 ("[A]ttorney fees incurred and awarded in child custody litigation should ... be considered as obligations for 'support,'..."); *Ray v. Ray (In re Ray)*, 143 B.R. 937, 940 (D. Colo. 1992) ("most courts hold that fees 'inextricably intertwined with proceedings affecting the welfare of the child, such as custody and visitation, should be deemed support") (quoting *Peters v. Hennenhoeffer (In re Peters)*, 133 B.R. 291, 295 (S.D.N.Y. 1991) *aff'd*, 964 F.2d 166, 167 (2d Cir 1992)).

      The sum of the Defendant's obligation is composed entirely of attorney fees awarded by the District Court in eight post-decree proceedings, arising out of the Domestic Case.   The Court has reviewed all eight post-decree attorney fee awards entered in the Domestic Case.   Based upon the Court's review, it finds that each of the attorney fee awards, for which the Defendant is obligated, are "inextricably intertwined" with proceedings where the primary focus was welfare and the best interest of the parties' child.   In light of this finding, this Court finds that the fees which the Defendant has been ordered by the District Court to pay are in the nature of support under subsection (B), and are therefore payable to either the attorney or the Plaintiff under § 101(14A)(A).

      The Defendant directs the Court to the Eighth Circuit Court of Appeals decision in *Adams v. Zentz*.   963 F.2d 197 (8th Cir. 1992).   In *Zentz* the court held that "[i]n deciding whether to characterize an award as maintenance or support the crucial issue is the function the award was intended to serve," and that the action must be focused specifically on the child's welfare.   *Id*. at 198 (internal quotations omitted).   This would create a higher bar for the Plaintiff to demonstrate the award was in the nature of support, and would undoubtedly require extensive hearings and fact-finding on the part of the Court.   The Tenth Circuit expressly rejected the *Zentz* standard in *In re Jones*, holding that in the view of the court, "in all custody actions, the court's ultimate goal is the welfare of the child"  9 F.3d at 881.   The Court will follow the binding precedent set within the Tenth Circuit and decline to follow *Zentz*.

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT
Adversary No. 12-01282 HRT

Upon applying the uncontroverted facts of the case, the Court finds that the Debtor's obligation to pay the attorney fees, arising out of the post-decree litigation in the Domestic Case, is a "domestic support obligation." Thus, the debt of $35,780.10 is exempt from a discharge under 11 U.S.C. § 523(a)(5).

*Nondischargeability under 11 U.S.C. § 523(a)(15)*

In the alternative, the Plaintiff seeks to have any debt that was not found by this Court to be non-dischargeable under § 523(a)(5), to be exempt from discharge under § 523(a)(15) as a debt that arose in connection with a divorce decree and court orders relating to post-decree matters. Prior to enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (Apr. 20, 2005) ("BAPCPA"), a domestic support obligation was treated under 11 U.S.C. § 523(a)(5) very differently than a non-support type domestic obligation was treated under 11 U.S.C. § 523(a)(15). Under § 523(a)(15), before BAPCPA, such non-support obligations could be discharged upon a showing of the debtor's financial inability to pay the debt or that the benefit to the Debtor of discharging the debt outweighed the detriment to the spouse, former spouse or child. But BAPCPA deleted the ability to pay test and the balancing test from § 523(a)(15). Under the current version of § 523(a)(15) all that is required for nondischargeability is to find that the debt arises out of a domestic court order.

The Court determined above that the full obligation owed by the Defendant is exempt from discharge under § 523(a)(5) as a domestic support obligation. However, the Court has conducted an analysis under § 523(a)(15) as well. Section 523(a)(15) provides in relevant part that:

> (a) A discharge under section 727,…of this section does not discharge an individual debtor from any debt --
> > (15) to a spouse, former spouse, or child of the debtor … that is incurred by the debtor in the course of a divorce or separation, or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]

11 U.S.C. § 523(a)(15).

The Court finds that each of the eight post-decree proceedings arose out of the Domestic Case, Case No. 07 DR 397. Bankruptcy courts have previously held that pre-petition attorney fees incurred in the course of divorce proceedings are nondischargeable under § 523(a)(15). *See*, *In re Pensky*, 416 B.R. 406 (Bankr. D. N.J. 2009); *In re Klem*, 362 B.R. 585 (Bankr. W.D.N.Y. 2007) (non-support attorney fees were excepted from discharge under § 523(a)(15)). This Court concludes similarly that all of the post-decree attorney fees that have been awarded against the

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT
Adversary No. 12-01282 HRT

Defendant satisfy the § 523(a)(15) requirements, even if they were not nondischargeable under § 523(a)(5). The fees arose in connection with the Domestic Case are thus nondischargeable under § 523(a)(15) even if they are not support obligations under § 523(a)(5).

  In summary, this Court must follow the long-established, consistently-decided, opinions of the Tenth Circuit Court of Appeals that give the term domestic support obligation a broader reading than the Eighth Circuit does.  Moreover, the Court cannot retry or overrule the final decisions of the Colorado State Courts in the Domestic Case.   Therefore, conducting a trial in this matter would merely increase the expenses of the parties but not change the result reached here.

  IT IS THEREFORE ORDERED that the Plaintiff's Motion for Summary Judgment is GRANTED.

  IT IS FURTHER ORDERED that JUDGMENT shall enter in favor of the Plaintiff finding that the obligation to pay attorney fees ordered to be paid by the Defendant in the case captioned In re Marriage of Marcia F. Loomas, Petitioner, and Robert N. Loomas, Respondent, Case No. 07 DR 397, District Court, Jefferson County, Colorado, are nondischargeable debts under 11 U.S.C. §§ 523(a)(5) and (a)(15) in Defendant's chapter 7 bankruptcy case number 12-11898-HRT.

  Dated this ___4th___ day of January, 2013.


              BY THE COURT:

              _Howard R. Tallman, Chief Judge
              United States Bankruptcy Court